**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FRANCIS SCHAEFFER COX,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-cv-03367-B** |
| | § | |
| **BENBELLA BOOKS, INC. AND** | § | |
| **WILLIAM FULTON,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT BENBELLA BOOKS, INC.'S**
**ANSWER TO PLAINTIFF'S CIVIL ACTION COMPLAINT**
**SUBJECT TO ITS MOTION TO DISMISS**

COMES NOW, Defendant BenBella Books, Inc. ("Defendant") and files its Answer to Plaintiff's Civil Action Complaint Subject to its Motion to Dismiss. In support, BenBella would respectfully show this Court as follows:

**A.**
**ANSWER TO PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Defendant admits that Plaintiff purports to bring this lawsuit for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress, and misappropriation of name or likeness, but denies that Defendant committed any violations of law and that Plaintiff is entitled to any relief or damages.

**II.     JURISDICTION AND VENUE**

1.     Defendant admits that diversity jurisdiction is properly pled in this court, but denies any liability to Plaintiff.

2.     Defendant admits the allegations in Complaint Paragraph 2, but denies any liability to Plaintiff.

### III.     PARTIES

3.     Defendant admits that Plaintiff is a natural person, but is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 3 concerning Plaintiff's state of residence or incarceration, and therefore, denies the same.

4.     Defendant admits that it is a publisher headquartered in Dallas, and that it published *The Blood of Patriots: How I Took Down an Anti-Government Militia with Beer, Bounty Hunting, and Badassery* (hereinafter "*The Blood of Patriots*") in 2017, but Defendant denies that Defendant committed any violations of law and that Plaintiff is entitled to any relief or damages.

5.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 5 concerning Defendant Fulton's state of residence, and therefore, denies the same.  Defendant admits that Defendant Fulton authored *The Blood of Patriots*, which remains available for purchase throughout the nation, but Defendant denies that Defendant committed any violations of law and that Plaintiff is entitled to any relief or damages. Defendant denies the remaining allegations in Complaint Paragraph 5.

### IV.     STANDING

6.     Complaint Paragraph 6 contains a statement of law to which no admission or denial by Defendant is necessary.  To the extent a response is required, Defendant denies the allegations in Complaint Paragraph 6.

## V.       FACTS

7.       Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 7 concerning the location of Plaintiff's incarceration or the conditions in the facility in which he claims to be incarcerated, and therefore, denies the same. Defendant admits that Plaintiff was convicted of crimes and that Defendant Fulton participated in the federal investigation leading to Plaintiff's arrest.   Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 7, and therefore, denies the same.

8.       Defendant admits that Plaintiff was subject to an FBI investigation.  Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 8, and therefore, denies the same.

9.       Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 9, and therefore, denies the same.

10.       Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 10, and therefore, denies the same.

11.       Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 11, and therefore, denies the same.

12.       Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 12, and therefore, denies the same.

13.       Defendant admits that Defendant Fulton participated in the FBI investigation leading to Plaintiff's arrest.  Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 13, and therefore, denies the same.

14.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 14, and therefore, denies the same.

15.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 15, and therefore, denies the same.

16.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 16, and therefore, denies the same.

17.     Defendant admits that Defendant Fulton participated in the FBI investigation leading to Plaintiff's arrest.  Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 17, and therefore, denies the same.

18.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 18, and therefore, denies the same.

19.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 19, and therefore, denies the same.

20.     Defendant admits that Plaintiff was arrested by the FBI as a result of an FBI investigation.  Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 20, and therefore, denies the same.

21.     Defendant admits that Plaintiff was arrested by the FBI as a result of the FBI investigation in which Defendant Fulton participated.   Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 21, and therefore, denies the same.

22.     Defendant admits that Plaintiff was arrested and tried for federal crimes. Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 22, and therefore, denies the same.

23.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 23, and therefore, denies the same.

24.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 24, and therefore, denies the same.

25.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 25, and therefore, denies the same.

26.     To the extent that Plaintiff alleges, Defendant denies that Fulton has maliciously defamed Plaintiff through authorship of the *The Blood of Patriots*.    Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 26, and therefore, denies the same.

27.     Defendant admits that Plaintiff purports to bring this lawsuit for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress, and misappropriation of name or likeness, but denies that Defendant committed any violations of law and that Plaintiff is entitled to any relief or damages.    Defendant denies that it published *The Blood of Patriots* with malice or reckless disregard for the truth.    Defendant admits that Jeanne Devon is a co-author of *The Blood of Patriots*.    Defendant is without information sufficient to form a belief as to the truth of the remaining averments in Complaint Paragraph 27, and therefore, denies the same.

28.     Defendant admits that the quoted material in Complaint Paragraph 28 is an excerpt from *The Blood of Patriots*.

29.     Defendant admits that Plaintiff now denies making the statements referenced in Paragraph 29.  Defendant denies that the statements referenced in Complaint Paragraph 29 are false, defamatory or misleading.

30.     Defendant admits that the quoted material in Complaint Paragraph 30 purports to be an excerpt from *The Blood of Patriots*, but denies that Plaintiff's recitation of the text is accurate.

31.     Defendant admits that Plaintiff now denies making the statements referenced in Paragraph 31.  Defendant denies that the statements referenced in Complaint Paragraph 31 are defamatory.

32.     Defendant admits that the quoted material in Complaint Paragraph 32 purports to be an excerpt from *The Blood of Patriots*, but denies that Plaintiff's recitation of the text is accurate.

33.     Defendant admits that Plaintiff now denies drinking.  Defendant denies that the statements referenced in Complaint Paragraph 33 are false and defamatory.

34.     Defendant admits that the quoted material in Complaint Paragraph 34 purports to be an excerpt from *The Blood of Patriots*, but denies that Plaintiff's recitation of the text is accurate.

35.     Defendant admits that Plaintiff now denies drinking or being impaired. Defendant denies that the statements referenced in Complaint Paragraph 35 are defamatory.

36.     Defendant admits that the quoted material in Complaint Paragraph 36 is an excerpt from *The Blood of Patriots*.

37.     Defendant admits that Plaintiff now denies making the statements referenced in Complaint Paragraph 37.  Defendant denies that the statements referenced in Complaint Paragraph 37 are defamatory.

38.     Defendant admits that the quoted material in Complaint Paragraph 38 purports to be an excerpt from *The Blood of Patriots*, but denies that Plaintiff's recitation of the text is accurate.

39.     Defendant admits that Plaintiff now denies making the statements referenced in Complaint Paragraph 39.   Defendant denies that the statements referenced in Complaint Paragraph 39 are defamatory.

40.     Defendant admits that the quoted material in Complaint Paragraph 40 is an excerpt from *The Blood of Patriots*.

41.     Defendant admits that Plaintiff now denies attending the meeting or making a "180-degree turnaround."   Defendant denies that the statements referenced in Complaint Paragraph 41 are defamatory.

42.     Defendant admits that the quoted material in Complaint Paragraph 42 is an excerpt from *The Blood of Patriots*.

43.     Defendant admits that Plaintiff now denies seeking to purchase real grenades instead of fake grenades.

44.     Defendant denies that it knew the grenades at issue were legal.  Defendant admits that Plaintiff now denies that the grenades at issue were illegal. Defendant denies that the statements referenced in Complaint Paragraph 44 are defamatory or defame Plaintiff by implication.

45.     Defendant admits that the quoted material in Complaint Paragraph 45 is an excerpt from *The Blood of Patriots*.

46.     Defendant admits that the statement referenced in Complaint Paragraph 46 is attributed to Plaintiff, Mao Zedong, and Jim Jones, whose actions are well-documented.

47.     Defendant admits that Plaintiff admits to making the statement referenced in Paragraph 47.  Defendant denies that the statement referenced in Complaint Paragraph 47 is defamatory or defames Plaintiff by implication.  Defendant denies the remaining allegations in Complaint Paragraph 47.

48.     Defendant denies that the statement referenced in Complaint Paragraph 48 is defamatory or defames Plaintiff by implication.

49.     Defendant admits that the quoted material in Complaint Paragraph 49 is an excerpt from *The Blood of Patriots*.

50.     Defendant admits that Plaintiff now denies failing or refusing to pay the tax stamp. Defendant denies that the statements referenced in Complaint Paragraph 50 are defamatory or defame Plaintiff by implication.

51.     Defendant admits that the quoted material in Complaint Paragraph 51 is an excerpt from *The Blood of Patriots*.

52.     Defendant admits that Plaintiff now denies taking part in the ordering of illegal weapons and grenades.  Defendant denies that the statements referenced in Complaint Paragraph 52 are defamatory or defame Plaintiff by implication.

53.     Defendant admits that the quoted material in Complaint Paragraph 53 is an excerpt from *The Blood of Patriots*.

54.     Defendant admits that Plaintiff now denies hatching a criminal plan and making the statements attributed to him that are referenced in Complaint Paragraph 54.  Defendant denies that the statements referenced in Complaint Paragraph 54 are defamatory or defamatory per se to Plaintiff.

55.     Defendant admits that the quoted material in Complaint Paragraph 55 is an excerpt from *The Blood of Patriots*.

56.     Defendant admits that Plaintiff now denies calling Defendant Fulton and making the statements attributed to him that are referenced in Complaint Paragraph 56.  Defendant denies that the statements referenced in Complaint Paragraph 56 are defamatory or defamatory per se to Plaintiff.

57.     Defendant admits that the quoted material in Complaint Paragraph 57 purports to be an excerpt from *The Blood of Patriots*, but denies that Plaintiff's recitation of the text is accurate.

58.     Defendant admits that Plaintiff now denies making the statements attributed to him that are referenced in Complaint Paragraph 58.  Defendant denies that the statements referenced in Complaint Paragraph 58 are defamatory or defamatory per se to Plaintiff.

59.     Defendant admits that the quoted material in Complaint Paragraph 59 is an excerpt from *The Blood of Patriots*.

60.     Defendant is without information sufficient to form a belief as to the truth of the averments in Complaint Paragraph 60, and therefore, denies the same.  Defendant further denies that the statements referenced in Complaint Paragraph 60 are defamatory or defamatory per se to Plaintiff.

## VI.     CAUSES OF ACTION

61.     Complaint Paragraph 61 does not require an admission or denial by Defendant. Defendant incorporates the answer and denials contained in Paragraphs 1-60 herein.

62.     Defendant denies the allegations in Complaint Paragraph 62.

63.     Defendant denies the allegations in Complaint Paragraph 63.

64.     Complaint Paragraph 64 contains a statement of law to which no admission or denial is necessary.

65.     Defendant denies the allegations in Complaint Paragraph 65.

66.     Defendant denies the allegations in Complaint Paragraph 66.

67.     Defendant denies the allegations in Complaint Paragraph 67.

68.     Complaint Paragraph 68 does not require an admission or denial by Defendant. Defendant incorporates the answer and denials contained in Paragraphs 1-67 herein.

69.     Defendant denies the allegations in Complaint Paragraph 69.

70.     Defendant denies the allegations in Complaint Paragraph 70.

71.     Complaint Paragraph 71 contains a statement of law to which no admission or denial is necessary.

72.     Defendant denies the allegations in Complaint Paragraph 72.

73.     Defendant denies the allegations in Complaint Paragraph 73.

74.     Defendant denies the allegations in Complaint Paragraph 74.

75.     Defendant denies the allegations in Complaint Paragraph 75.

76.     Defendant denies the allegations in Complaint Paragraph 76.

77.     Complaint Paragraph 77 does not require an admission or denial by Defendant. Defendant incorporates the answer and denials contained in Paragraphs 1-76 herein.

78.     Defendant denies the allegations in Complaint Paragraph 78.

79.     Defendant denies the allegations in Complaint Paragraph 79.

80.     Complaint Paragraph 80 contains a statement of law to which no admission or denial is necessary.

81.     Complaint Paragraph 81 contains a statement of law to which no admission or denial is necessary.

82.     Defendant denies the allegations in Complaint Paragraph 82.

83.     Defendant denies the allegations in Complaint Paragraph 83.

84.     Defendant denies the allegations in Complaint Paragraph 84.

85.     Defendant denies the allegations in Complaint Paragraph 85.

86.     Complaint Paragraph 86 does not require an admission or denial by Defendant. Defendant incorporates the answer and denials contained in Paragraphs 1-85 herein.

87.     Defendant denies the allegations in Complaint Paragraph 87.

88.     Defendant denies the allegations in Complaint Paragraph 88.

89.     Defendant denies the allegations in Complaint Paragraph 89.

90.     Defendant denies the allegations in Complaint Paragraph 90.

91.     Defendant denies the allegations in Complaint Paragraph 91.

92.     Complaint Paragraph 92 does not require an admission or denial by Defendant. Defendant incorporates the answer and denials contained in Paragraphs 1-91 herein.

93.     Complaint Paragraph 93 contains a statement of law to which no admission or denial is necessary.

94.     Defendant denies the allegations in Complaint Paragraph 94.

95.     Defendant denies the allegations in Complaint Paragraph 95.

96.     Defendant denies the allegations in Complaint Paragraph 96.

97.     Defendant denies the allegations in Complaint Paragraph 97.

98.     Defendant denies the allegations in Complaint Paragraph 98.

## VII.    PRAYER FOR RELIEF

99.    Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (a)-(e) of this section.

### B.
### DEFENSES AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative defenses, Defendant alleges the following defenses.  In asserting these defenses, Defendant does not assume the burden of proof on matters that are Plaintiff's burden to prove.

100.    Plaintiff has failed to state any claim for relief upon which relief may be granted.

101.    To the extent Plaintiff's claims fall outside the applicable statutes of limitations, those claims are barred.

102.    Defendant, as a member of the media, acting in such capacity, avers that the publication of the statements and matters about which Plaintiff complains, is protected under the First Amendment and Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Texas Constitution, and under common law as a fair, true, and impartial account of a judicial proceeding and of matters of public concern published for general information.

103.    Defendant invokes the provisions of § 73.005 of the Texas Civil Practice and Remedies Code and pleads truth and substantial truth as a defense.

104.    Plaintiff was, at all relevant times, a public figure.

105.    Defendant published the statements in good faith, without malice.

106.    The statements published by Defendant are true or substantially true.

107.    Defendant did not meet all prerequisites to filing suit under the Defamation Mitigation Act, Texas Civil Practices and Remedies Code Chapter 73.

108.     Plaintiff is barred from recovering exemplary damages by the protections afforded under the First Amendment and Fourteenth Amendment to the United States Constitution and under Article I, Section 8 of the Texas Constitution and under the Due Process Clauses of the Texas and the United States Constitutions.

109.     Defendant avers that Plaintiff failed to mitigate his damages, if any.

110.     Defendant avers that Plaintiff is libel, defamation, and slander proof.

111.     Defendant avers the doctrine of estoppel bars Plaintiff's claims.

112.     Defendant avers that Plaintiff cannot demonstrate damages arising from Plaintiff's conduct.

113.     Defendant did not act intentionally or recklessly in its conduct towards Plaintiff.

114.     Defendant published the statements for an incidental manner or for a newsworthy purpose.

## C.
## PRAYER FOR RELIEF

WHEREFORE, BenBella Books, Inc. respectfully requests that the Court:

a.   Order that Plaintiff take nothing by his suit;

b.   Dismiss Plaintiff's case with prejudice;

c.   Award Defendant its attorneys' fees and costs; and

d.   Grant Defendant all other relief to which it is justly entitled.

Dated:  March 6, 2019                          Respectfully submitted,


                                               */s/ Michael A. McCabe*
                                               Michael A. McCabe
                                               Texas State Bar No. 24007628
                                               mmccabe@munckwilson.com
                                               Lauren L. Mitchell
                                               Texas State Bar No. 24071172
                                               lmitchell@munckwilson.com
                                               **MUNCK WILSON MANDALA, LLP**
                                               600 Banner Place Tower
                                               12770 Coit Road
                                               Dallas, Texas 75251
                                               Telephone:  972-628-3600
                                               Telecopier:  972-628-3616

                                               **ATTORNEYS FOR DEFENDANT
                                               BENBELLA BOOKS, INC.**


## CERTIFICATE OF SERVICE

I hereby certify on this 6th day of March, 2019, that a true and correct copy of the foregoing was served on all counsel of record via electronic mail pursuant to Fed. R. Civ. P. 5(b)(2)(e).

                                               */s/ Michael A. McCabe*
                                               Michael A. McCabe


790531