IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRANCIS SCHAEFFER COX,<br>16179006<br>U.S. Penitentiary CMU<br>P.O. Box 1000<br>Marion, IL 62959<br><br>    Plaintiff,<br>v.<br><br>BENBELLA BOOKS, INC.,<br>10440 North Central Expressway, Suite 800<br>Dallas, TX 75231<br><br>and<br><br>WILLIAM FULTON,<br>In Witness Protection<br>c/o 10440 North Central Expressway, Suite 800<br>Dallas, TX 75231<br><br>    Defendants. | Case No: 3:18-cv-3367-B |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER TO THE COMPLAINT, MOTION TO DISMISS PURSUANT TO THE TEXAS ANTI-SLAPP STATUTE, AND OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL AND MOTION FOR SANCTIONS AGAINST DEFENDANT AND ITS COUNSEL FOR FILING FRIVOLOUS PLEADINGS PURSUANT TO 28 U.S.C. § 1927 AND THIS COURT'S INHERENT AUTHORITY**

  COMES NOW, Plaintiff, Francis Schaeffer Cox ("Plaintiff Cox"), and files this Motion to Strike Defendant's Answer to the Complaint, Motion to Dismiss Pursuant to the Texas Anti-SLAPP Statute, and Opposition to Plaintiff's Motion for Voluntary Dismissal and Motion for Sanctions Against Defendants Benbella Books, Inc. ("Defendant Benbella Books") and William Fulton ("Defendant Fulton") and Defendant Benbella Books' Counsel for Filing Frivolous

1

Pleadings Pursuant to 28 U.S.C. § 1927 and this Court's inherent authority to police and redress bad faith and vexatious conduct.

## INTRODUCTION

Defendant Benbella Books and its counsel filed and pursued frivolous motions in bad faith, forcing Plaintiff Cox and the undersigned counsel to expend significant unnecessary time and resources, as well as to waste the valuable judicial resources of this Court. The supporting facts behind this motion are as follows:

On December 20, 2018, Plaintiff Cox filed suit against Defendants Benbella Books and co-Defendant Fulton for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress and misappropriation of name or likeness. A process server on Plaintiff Cox's behalf served Defendant Benbella Books with a copy of the Complaint on December 28, 2018. The same process server attempted to serve Defendant Fulton but a certain source, Ms. Elizabeth Sarver, who knows Defendant Fulton and has communicated with him, told Plaintiff's counsel that he is currently in a witness protection program facilitated by the Federal Bureau of Investigation ("FBI") and is in hiding, evading service of process.

Incredibly, Defendant Fulton is purportedly in hiding yet still out there sending "tweets" from his Twitter account, further defaming Plaintiff Cox. For example, on March 29, 2019, Defendant Fulton retweeted, **"COX = GUILTY. No matter how many of you psycho women show up to defend the little terrorist . . . HE'LL STILL BE IN PRISON."** *See* Exhibit 1. Defendant Fulton obviously feels threatened by not only Plaintiff Cox but also by women. Defendant Fulton is now apparently filming a movie about his defamatory book, <u>The Blood of Patriots: How I Took Down An Anti-Government Militia with Beer, Bounty Hunting, and Badassery</u>, profiting from all of this while simultaneously evading service of process. On March

22, 2019, Defendant Fulton retweeted, **"Cox is a lying, mentally ill domestic terrorist who was planning to assassinate innocent people."** *See* Exhibit 2. There is no doubt that Defendant Fulton knows he has been sued and is evading service. On March 16, 2019, he retweeted, **"Schaeffer Cox is a lier [sic] and a bad one at that [] he said in his lawsuit I defamed him by saying he drank a beer little did the criminal know I have audio, I wish the #freeschaeffercox folks would understand they support a mentally ill criminal . . ."** *See* Exhibit 3. Ironically, the link Defendant Fulton provides on his Twitter page is an inaudible and unintelligible recording. No words can be made out from the recording.

Plaintiff Cox and his counsel sought to voluntarily dismiss the Complaint and gave notice to opposing counsel. Rather than responding in good faith, Defendant Benbella Books and its counsel rushed to file an answer on the same day and attempted to join the issues. Defendant then filed a frivolous Anti-SLAPP motion – which is not permitted in federal diversity cases according to several prestigious circuits. Federal Texas lower courts have also held that the anti-SLAPP does not applicable in federal court. *See* Plaintiff's Opposition to Defendant's Anti-SLAPP Motion to Dismiss Pursuant to Tex. Civ. Prac. Rem. Code § 27.001 *et seq.*, Section VI, A. It is clear that Defendant's counsel is filing vexatious pleadings in order to run up the bill to its publisher client who most likely has an insurance carrier. Unfortunately, this detrimentally impacts Plaintiff Cox and this honorable Court. This kind of bad faith conduct is particularly the type of behavior 28 U.S.C. § 1927 was designed to prevent and sanction. Plaintiff Cox's counsel has put opposing counsel on notice to withdraw his pleadings but he has refused to do so and as such, Defendant Benbella and its counsel should respectfully be sanctioned according to 28 U.S.C. § 1927 and the inherent authority of this Court.

Moreover, Plaintiff Cox seeks to strike Defendant's answer, anti-SLAPP motion and the opposition to Plaintiff Cox's voluntary dismissal as redundant and immaterial, pursuant to Federal Rule of Civil Procedure 12(f).

### FACTS GIVING RISE TO THIS MOTION

On Wednesday, March 6, 2019, Plaintiff Cox's counsel sent an email to defense counsel stating: "Pl[ease] advise today whether you will agree to a voluntary dismissal of the Complaint without prejudice, each party to bear its own fees and costs." *See* Exhibit. 4. Without giving an affirmative response, defense counsel – on the very same day – filed an answer to the Complaint. *See* [Dkt. # 16]. Then, on March 11, 2019, as discussed with defense counsel, Plaintiff Cox filed the motion for voluntary dismissal. *Again*, on the very same day, Defendant Benbella Books filed a Motion to Dismiss Pursuant to Tex. Civ. Prac. & Code § 27.001 *et seq*. [Dkt. # 20]. Then, on March 26, 2019, Defendant filed an opposition to Plaintiff Cox's motion for voluntary dismissal. [Dkt. # 23]. This vexatious and wasteful pleading, which only increases fees and costs for all parties and wastes the resources of this Court, cannot and should not be condoned, given that Plaintiff gave notice previously of his intention to dismiss the Complaint. Thus, Defendant Benbella and its counsel were on prior notice that Plaintiff wished to voluntarily dismiss the Complaint. The refusal to act in good faith in light of this notice should be considered "abusive litigation practice[]" and Defendant Benbella and its counsel should be sanctioned accordingly. *See In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

Incredibly, on March 12, 2019, just one day after Plaintiff Cox filed his voluntary dismissal without prejudice, Defendant Fulton – who supposedly was in a witness protection program and undercover – boasted on his Twitter page that "the attorney for Cox has filed to dismiss their own lawsuit . . ." *See* Exhibit 5. It is highly likely that Defendant Benbella and its counsel – who told Defendant Fulton the case may be dismissed without prejudice – has been in

contact with Defendant Fulton and has furthered his evasion of service, as he is the primary Defendant as the author of the publication in question. This aggravated misconduct is sanctionable pursuant to the inherent powers of this Court. There is no question that Defendant Fulton is aware of this case as, while again defaming Plaintiff Cox, he boasts on his Twitter page that he knows about it.

Incredibly, while allegedly being undercover, Defendant Fulton is still making money off of his defamatory book and profiting off of Plaintiff Cox's tragedy, it has recently been disclosed that he is overseas filming a movie version of his malicious and defamatory book which seeks to further harm and severely damage Plaintiff Cox.

## ARGUMENT

**I.      DEFENDANT'S FILINGS SHOULD BE STRIKEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f) AS REDUNDANT AND IMMATERIAL.**

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). Rule 12(f)'s purpose is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispending with those issues prior to trial." *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No. H-09-cv-2582, WL 2219179, at *5 (S.D. Tex. May 28, 2010). Motions to strike should be granted if the pleadings are insufficient as a matter of law, will confuse the issues in the case, or will otherwise prejudice the moving party. *See, e.g., Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1057-61 (5th Cir. 1982).

Here, Defendant filed redundant and immaterial pleadings after being on notice that Plaintiff Cox sought to voluntarily dismiss the case. As such, Defendant's answer, anti-SLAPP motion and opposition to Plaintiff's motion for voluntary dismissal must be stricken from the

5

record as striking them would "avoid the (further) expenditure of time and money that . . . arise from litigating" the case. *Zytax, Inc.*, WL 2219179, at *5.

**II.   DEFENDANT BENBELLA AND ITS COUNSEL SHOULD BE SANCTIONED PURSUANT TO 28 U.S.C. § 1927.**

Plaintiff Cox seeks sanctions pursuant to 28 U.S.C. § 1927, which provides:

> **Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.**

28 U.S.C. § 1927 (emphasis added).

Indeed, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess of costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The purpose of 28 U.S.C. § 1927 is to allow the Court "to access attorney's fees against an attorney who frustrates the progress of judicial proceedings." *United States v. Wallace*, 964 F.2d 1214, 1218 (D.C. Cir. 1992). Under the plain language of the statute, three elements should be satisfied with respect to an award of sanctions under 28 U.S.C. § 1927: (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must be conduct that "multiples the proceedings;" and (3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings. *See Stewart v. Courtyard Management Corp.*, 155 Fed. Apprx. 756, 760, 2005 WL 3114914 at *4 (5th Cir. 2005). "Underlying the sanctions provided in 28 U.S.C. § 1927 is the recognition that frivolous . . . arguments waste scarce judicial resources and increase legal fees charged to parties." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).

Defendant Benbella Books' and its counsel's bad faith filing of a frivolous answer, anti-SLAPP motion and opposition to a voluntary dismissal is precisely the kind of vexatious

6

pleading and misconduct 28 U.S.C. § 1927 seeks to protect against. Here, all the elements are met. Defendant Benbella and its counsel acted unreasonably and vexatiously when they filed pleadings after Plaintiff Cox and his counsel gave notice of their intention to file a voluntary dismissal. Undoubtedly, those filings "multiplie[d] the proceedings[.]" Finally, the dollar amount that this Court awards will bear a nexus to the amount of unnecessary work that was performed.

### III. DEFENDANT BENBELLA AND ITS COUNSEL SHOULD BE SANCTIONED PURSUANT TO THIS COURT'S INHERENT AUTHORITY.

In addition to the powers deriving from 28 U.S.C. § 1927, courts also have inherent authority to sanction litigation misconduct when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975). Such power is governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991). Courts impose these sanctions "in order to control the litigation before it." *NASCO, Inc. v. Calcaseiu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990).

"Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). Accordingly, courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d at 902. Included in this power is the authority to levy sanctions in response to abusive litigation practices. *Id*. Thus, while the "court has no desire to deter any litigant from advancing any claim or defense which is arguably supported by existing law, or any reasonably based suggestion for its extension, modification, or reversal," and while "[p]ositions

7

thus taken cannot be considered as frivolous . . . claims and defenses which fall outside this broad umbrella may prove frivolous." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Sanctions pursuant to a court's inherent authority serve the 'dual purpose of "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." *Carroll v Jaques*, 926 F. Supp. 1282, 1288-89 (E.D. Tex. 1996) (quoting Chambers, 501 U.S. at 32)).

Bad faith "may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Hall v. Cole*, 412 U.S. 1, 4 (1973); *see also Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 219-20 (D.C. Cir. 1991) (bad faith includes "the filing of a frivolous complaint **or meritless motion**, or discovery-related misconduct") (emphasis added).

Here, when Defendant and its counsel vexatiously multiplied pleadings that were unnecessary, requiring Plaintiff Cox and his counsel to spend a huge amount of time and financial resources preparing responses, Defendant and its counsel acted in bad faith. They filed a frivolous answer, anti-SLAPP motion and other opposition only to run up unnecessary time, legal fees and costs. This also wastes the valuable resources of this honorable Court. This misconduct is sanctionable and Defendant Benbella and its counsel should have their pleadings stricken after Plaintiff gave notice of his intent to voluntarily dismiss the Amended Complaint and an order entered that they be sanctioned by paying Plaintiff Cox's attorneys' fees and costs.

Should sanctions in the form of attorneys' fees and costs be awarded, Plaintiff Cox respectfully requests five business days to present an accounting to this Honorable Court.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Cox's motion should respectfully be granted.

**Dated**: April 4, 2019  　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Larry Klayman*
　　　　　　　　　　　　　　　　　　　　　　　Larry Klayman, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Klayman Law Group, P.A.
　　　　　　　　　　　　　　　　　　　　　　　2020 Pennsylvania Ave, NW, #800
　　　　　　　　　　　　　　　　　　　　　　　Washington, DC, 20006
　　　　　　　　　　　　　　　　　　　　　　　Tel: (310) 595-0800
　　　　　　　　　　　　　　　　　　　　　　　Email: leklayman@gmail.com

　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

　　I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on April 4, 2019.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Larry Klayman*