UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| FRANCIS SCHAEFER COX, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-3367-B |
| | § | |
| BENBELLA BOOKS INC. and WILLIAM FULTON, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are a litany of dispositive and nondispositive motions:

(1) Defendant BenBella's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10);

(2) Plaintiff's Motion for Voluntary Dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) (Doc. 19);

(3) Defendant BenBella's Motion to Dismiss pursuant to Texas Civil Practices & Remedies Code § 27.001, *et seq.* (Doc. 20);

(4) Defendant BenBella's Motion for Hearing (Doc. 21);

(5) Plaintiff's Motion to Strike (Doc. 27) Defendant BenBella's Answer to the Complaint (Doc. 16), Motion to Dismiss pursuant to Texas Civil Practices & Remedies Code § 27.001 (Doc. 21), and Opposition to Plaintiff's Motion for Voluntary Dismissal (Doc. 23); and

(6) Plaintiff's Motion for Sanctions (Doc. 29).

For the reasons stated below, the Court **converts in part** Plaintiff's Motion for Voluntary Dismissal without prejudice to a dismissal with prejudice and **GRANTS** the Motion (Doc. 19).

- 1 -

Specifically, the Court **DISMISSES with prejudice** Plaintiff's claims for defamation, defamation per se, defamation by implication, and intentional infliction of emotional distress based on Defendants' allegedly defamatory conduct; however, Plaintiff's claims for misappropriation of name or likeness and for intentional infliction of emotional distress to the extent that they are not based on defamatory conduct are **DISMISSED without prejudice**.

# I.

# BACKGROUND

This dispute involves the publication of an allegedly defamatory and misleading book by Defendants[1] titled "The Blood of Patriots: How I Took Down An Anti-Government Militia with Beer, Bounty Hunting, and Badassery." Plaintiff, Schaeffer Cox—who is a character in this book that chronicles his arrest, trial, and conviction—brought suit on December 20, 2018, against Defendants based on the publication of this book for defamation, defamation per se, defamation by implication, intentional infliction of emotional distress, and misappropriation of name or likeness. Doc. 1, Compl., 1–2. On February 1, 2019, Defendant BenBella filed a Rule 12(b)(6) Motion to Dismiss arguing that Plaintiff's defamation-based claims fail because they are barred by the applicable one-year statute of

---

[1] Plaintiff brings suit against Defendant-publisher BenBella Books as well as the author of the book William Fulton. *See* Doc. 1, Compl. However, Defendant Fulton has not been served by Plaintiff since Fulton is allegedly in a witness protection program. Doc. 27, Pl.'s Mot. to Strike, 2. Therefore, Defendant Fulton has not made an appearance in this case, filed an answer, or joined any of BenBella's motions discussed in this Order. Nevertheless, because Plaintiff brings the same claims against both Defendants, and because these claim fail against Defendant BenBella for the same reasons they would fail against Fulton, the Court dismisses *sua sponte* the claims discussed in this Order as to all Defendants, not just Defendant BenBella. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."). Therefore, unless otherwise stated, the Court's reference to "Defendants" includes both Defendant BenBella and Defendant Fulton.

limitations in Texas and that the remaining claims fail to state a claim. *See generally* Doc. 10, Def.'s Rule 12(b)(6) Mot. to Dismiss.

Instead of filing a response in opposition to Defendant BenBella's Rule 12(b)(6) Motion to Dismiss, Plaintiff—conceding that if the book was indeed published on September 19, 2017, Texas's one-year statute of limitations would effectively bar his defamation-based claims—filed a Motion for Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(2) on March 11, 2019, seeking a dismissal from this Court of the entire case without prejudice. Doc. 19, Pl.'s Mot. to Dismiss, 1. That very same day Defendant BenBella filed another Motion to Dismiss under the Texas Civil Practices & Remedies Code § 27.001, *et seq.*—also known as Texas's anti-SLAPP statute—arguing that Plaintiff's lawsuit was aimed at chilling Defendants' speech and thus implicates their First Amendment rights and is subject to dismissal on this ground as well. *See generally* Doc. 20, Def's Anti-SLAPP Mot. Having been fully briefed on the Motion for Voluntary Dismissal, the Court finds that it is most just and expeditious to rule on Plaintiff's Motion for Voluntary Dismissal and thus the Court focuses on this Motion below.

## II.

## ANALYSIS

Because Defendant BenBella has filed an Answer[2] in this case (Doc. 16), Plaintiff's Motion

---

[2] Plaintiff filed a Motion to Strike under Federal Rule of Civil Procedure 12(f) seeking to have the Court strike from the record Defendant BenBella's Answer to the Complaint (Doc. 16), Motion to Dismiss pursuant to Texas Civil Practices & Remedies Code § 27.001 (Doc. 21), and Opposition to Plaintiff's Motion for Voluntary Dismissal (Doc. 23). Doc. 27, Pl.'s Mot. to Strike, 5–6. Plaintiff argues that these filings should be stuck as redundant and immaterial because Defendant BenBella filed them after being put on notice that Plaintiff sought to voluntarily dismiss his case. *Id.* The Court however disagrees. Although Defendant BenBella filed several pleadings following Plaintiff's notice that he would seek dismissal of his case, the pleadings are relevant to the adjudication of this case, address Plaintiff's attempt to unconditionally dismiss his case, and are proper litigation avenues provided for by either the Federal Rules of Civil Procedure or the

to Dismiss is governed by Federal Rule of Civil Procedure 41(a)(2). *See* Fed. R. Civ. P. 41(a)(1)–(2); *see also Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 985–86 (5th Cir. 1989). Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Furthermore, '[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "The primary purpose in entrusting dismissal to the supervision of the court under Rule 41(a)(2) is to protect the non-movant from unfair treatment." *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Thus, courts will generally approve voluntary dismissals "unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* The Fifth Circuit has provided a step-by-step process for how courts should handle Rule 41(a)(2) motions when the non-movant may suffer plain legal prejudice.

A.   *Plain Legal Prejudice*

First, "the district court should . . . ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). If no legal prejudice exists, the court should grant the motion "absent some evidence of abuse by the movant." *Id.* Plain legal prejudice exists if dismissal would effectively strip the defendant from a defense that would otherwise be available—*e.g.*, a statute of limitations defense. *Ikospentakis*, 915 F.2d at 177–78 (discussing *Phillips*, 874 F.2d at 984–87).

Here, Defendant BenBella objects to Plaintiff's Motion and argues that dismissal under Rule 41(a)(2) would be prejudicial in part because it would lose its one-year statute of limitations defense

---

Texas Civil Practices & Remedies Code. Therefore, Plaintiff's Motion to Strike (Doc. 27) is **DENIED**.

to Plaintiff's defamation-based claims provided by Texas law if Plaintiff were to file this case in a jurisdiction with a longer limitations period. Doc. 23, Def.'s Resp., 2, 5–6. In his Motion, Plaintiff effectively conceded that his defamation-based claims in Texas are barred by a one-year statute of limitations.[3] *See* Doc. 19, Pl.'s Mot. to Dismiss, 1 (stating that when he filed his Complaint, "Cox believed in good faith that the subject publication . . . was published at the end of 2017, which would have put Cox within the 1-year statute of limitations for libel under Texas law"). In his Reply, Plaintiff now argues that his defamation-based claims are not time barred because (1) discovery has not taken place to ascertain the actual date of first publication and (2) because republication of the allegedly defamatory material has occurred within the one-year statute of limitations. Doc. 30, Pl.'s Reply, 2.

Despite Plaintiff's argument, the Court finds that the one-year statute of limitations is a viable defense that would bar Plaintiff's defamation-based claims. The book at issue was published in print and in digital form on September 17, 2017. Doc. 11, Def.'s App'x, 289. Plaintiff's Complaint is devoid of any allegations that the book was altered or republished at a later date, and instead only

---

[3] Plaintiff argues however that a two-year statute of limitations applies to his intentional infliction of emotional distress claim and misappropriation of name or likeness claims, and thus, those claims are not time-barred. Doc. 19, Pl.'s Mot. to Dismiss, 1. Although a two-year statute of limitations would typically apply, Plaintiff's intentional infliction of emotional distress claim is based entirely on the allegedly defamatory conduct underlying his defamation-based claims. *See* Doc. 1, Compl., ¶¶ 86–91 ("defamatory statements described herein constitute outrageous conduct against Plaintiff"). Thus, to the extent Plaintiff's intentional infliction of emotional distress claim is based on Defendants' allegedly defamatory conduct, it too is time barred and would thus cause Defendants plain legal prejudice if it were dismissed without prejudice. *See Conley v. Driver*, 175 S.W.3d 882, 887 n.4 (Tex. App.—Texarkana 2005, pet. denied) (explaining that intentional infliction of emotional distress tort cannot be used as an alternative to some other, more conventional tort which "fits the facts but might be subject to some structural impediment," such as statute of limitations or failure to prove elements of a claim). However, Plaintiff's intentional infliction of emotional distress claim is dismissed without prejudice to the extent the claim is based on facts independent of his defamation-based claims.

raises this argument without any support in his Reply. *See Martin v. Local 556, Transp. Workers Union of Am., AFL-CIO*, 2016 WL 2983726, at *1 (N.D. Tex. May 23, 2016) ("th[e] [Northern District] has long declined to consider arguments raised for the first time in a reply brief"). Thus, the statute of limitation for libel claims based on the September 2017 publication date was past by the time Plaintiff filed his Complaint on December 20, 2018. *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 142–43 (5th Cir. 2007) (holding that Texas applies a "single publication rule" to mass media publications such as books where the statute of limitation period begins to run on the date the publication is complete).

Plaintiff's attempt to now argue in his Reply that the statute of limitations defense does not apply based on a lack of discovery or a purported republication date is disingenuous based on what he argued in his original Motion. *See* Doc. 19, Pl.'s Mot. to Dismiss, 1. First, although the Court finds that the one-year statute of limitations defense in this case is viable, "whether the defense will ultimately be successful is not the appropriate inquiry." *See Elbaor*, 279 F.3d at 319 (citing *Ikospentakis*, 915 F.2d at 179). A plaintiff's "potential ability to plead around the statute of limitations is irrelevant." *Id.* Thus, the lack of discovery affects the success, not the potential availability of a statute of limitations defense. And allegations of republication were not raised in the Complaint or his Motion to Dismiss nor does Plaintiff cite any material to support his republication allegation. Doc. 30, Pl.'s Reply, 2. Because the Court finds that the one-year statute of limitations is a viable defense that would bar Plaintiff's defamation-based claims, the question becomes whether an unconditional dismissal from this Court in light of this finding would amount to plain legal prejudice.

The seminal case in the Fifth Circuit discussing when clear legal prejudice to a defendant bars an involuntary dismissal without prejudice is *Phillips v. Illinois Central Gulf Railroad*. In that case, the

Fifth Circuit found that the district court's refusal to dismiss the plaintiff's case without prejudice under Rule 41(a)(2) was proper because the plaintiff sought dismissal in part so that he could re-file in a jurisdiction where the statute of limitations would not bar his claims. *Phillips*, 874 F.2d at 985–88.

Although in this case Plaintiff does not disclose where or if he plans to re-file his claims, Plaintiff only moved to dismiss his case after he realized the statute of limitations issue, and in his Motion he effectively concedes that many of his claims are time-barred and provides this fact as the only reason for dismissing his case. *See* Doc. 19, Pl.'s Mot. to Dismiss, 1 ("with the information set forth in Defendants' Motion to Dismiss and Appendix in mind, specifically the Copyright Registration from the U.S. Copyright Office listing a publication date of September 19, 2017, . . . Cox has decided to voluntarily dismiss this case."). However, in his Reply, Plaintiff states that "[w]hether Plaintiff Cox decides to and will be able to file another Complaint is . . . purely speculative at this point." Doc. 30, Pl.'s Reply, 2. Regardless of the fact that the Court does not know where or if Plaintiff seeks to bring his claims again, the Fifth Circuit has "decline[d] to adopt a rule that allows a movant to garner a dismissal [without prejudice] by simply refusing to disclose the jurisdiction where they intend to re-file." *Elbaor*, 279 F. 3d at 319. Moreover, the Court is reasonable in inferring that Plaintiff is seeking voluntary dismissal without prejudice in order to circumvent Defendants' statute of limitations defense based on the statements made in his Motion. Thus, the Court finds that Defendants have shown that they would suffer plain legal prejudice as to certain claims[4]—Plaintiff's defamation, defamation per se, defamation by implication, and intentional

---

[4] However, the Court does not find that Defendants have shown that they would suffer plain legal prejudice as to Plaintiff's claims for misappropriation of name or likeness and for intentional infliction of emotional

infliction of emotional distress based on Defendants' allegedly defamatory conduct—if the Court granted an unconditional dismissal because such a dismissal would potentially strip Defendants of a viable statute of limitations defense.

B.     *Deny the Motion or Craft Conditions*

Second, "[i]f the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaor*, 279 F.3d at 317–18. The Fifth Circuit as well as other sister courts have held that one of the proper conditions is that district courts can "convert" a motion for Rule 41(a)(2) dismissal without prejudice, granting it with prejudice. *Id.* at 320 (collecting cases from other circuits). Those courts reached that conclusion "reasoning either that the district is authorized to do so as a condition by the 'terms and conditions' language in the statute or that the authority is implicit in the '[u]nless otherwise specified' language of the statute." *Id.* However, although district courts are given "a great deal of leeway in crafting conditions to dismissal, the district court must be careful to craft conditions that are not overbroad." *Id.* (citing *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604–05 (5th Cir. 1976) ("It seems, therefore, that in ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the

---

distress to the extent that the claim is not based on Defendants' defamatory conduct even though those claims may be subject to dismissal under Defendant BenBella's Anti-SLAPP Motion. *See* Doc. 23, Def.'s Resp., 6. First, those claims have a two-year statute of limitations and thus are not subject to the same statute of limitations defense as the defamation-based claims. Second, Plaintiff's stated motive for filing his voluntary dismissal was Defendants' statute of limitations defense raised in its initial Rule 12(b)(6) Motion and not Defendants' Anti-SLAPP Motion. Doc. 19, Pl.'s Mot. to Dismiss, 1; *see cf. Heaven v. Chase Home Fin. LLC*, 2009 WL 3163546, at *5 (N.D. Tex. Sept. 30, 2009) (denying a plaintiff's voluntary motion to dismiss in part because the plaintiff filed her motion in response to a motion for summary judgment). Thus, the Court does not find that the loss of Defendants' potential anti-SLAPP defense gives rise to plain legal prejudice to the same extent that losing a statute of limitations defense does.

defendant.")).

For example, the Fifth Circuit in *Elbaor* found that the district court did not abuse its discretion as to the dismissal of some claims when it issued an order converting the plaintiff's voluntary dismissal without prejudice, to one with prejudice, because an unconditional dismissal would have stripped the defendants of a viable statute of limitations defense as to those claims. *Id.* at 316, 318. However, the Fifth Circuit also found that the district court abused its discretion in dismissing some of plaintiff's claims with prejudice because the defendants did not demonstrate that they would be prejudiced by the unconditional dismissal of all claims. *Id.* at 320.

As discussed above, the Court finds that Defendants have not shown that they would suffer plain legal prejudice by the unconditional dismissal of Plaintiff's claims for misappropriation of name or likeness and for intentional infliction of emotional distress to the extent the claim is not based on defamatory conduct.[5] Therefore, those claims are **DISMISSED without prejudice**. However, Plaintiff's claims for defamation, defamation per se, defamation by implication, and intentional infliction of emotional distress based on Defendants' allegedly defamatory conduct are **DISMISSED with prejudice** since Defendants have shown that it in light of their viable statute of limitations defense they would be prejudiced by the unconditional dismissal of those claims.

---

[5] The Court notes that Defendant BenBella also argues that dismissal of any of Plaintiff's claims without prejudice would be prejudicial unless the Court were to impose a condition that Plaintiff pay it for its costs and attorneys' fees in defending this lawsuit. Doc. 23, Def.'s Resp., 8–9. The Court does not find that an award of attorneys' fees and costs to Defendant BenBella is warranted because the majority of Plaintiffs' claims have been dismissed with prejudice, Plaintiff and his counsel have not demonstrated any bad faith motive in bringing this suit, and Plaintiff is indigent and incarcerated in federal prison, therefore, he would likely lack the financial means to pay these fees.

III.

CONCLUSION

For the above-stated reasons, the Court **converts in part** Plaintiff's Motion for Voluntary Dismissal without prejudice to a Motion for Voluntary Dismissal with prejudice and **GRANTS** the Motion (Doc. 19). Specifically, the Court **DISMISSES with prejudice** Plaintiff's claims for defamation, defamation per se, defamation by implication, and intentional infliction of emotional distress based on Defendants' allegedly defamatory conduct. However, Plaintiff's claims for misappropriation of name or likeness and for intentional infliction of emotional distress to the extent not based on defamation are **DISMISSED without prejudice**. Also, for the above stated reasons, the Court **DENIES** Plaintiff's Motion to Strike (Doc. 27). In light of this ruling, the Court **DENIES as moot** Defendant BenBella's Rule 12(b)(6) Motion to Dismiss (Doc. 10), Defendant BenBella's Texas Civil Practices & Remedies Code § 27.001 Motion to Dismiss (Doc. 20), Defendant BenBella's Motion for Hearing (Doc. 21), and Plaintiff's Motion for Sanctions (Doc. 29). All relief not explicitly granted in this Order is hereby denied. Clerk of Court is directed to close this case. Final judgment to follow.

SO ORDERED.

DATED: April 10, 2019.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE